UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VITAL GRASSHOPPER COVE LLC,
Petitioner,

v.

UNITED STATES,
Respondent.

Case No.: 26-CV-1139 JLS (VET)

**ORDER GRANTING PETITION FOR DECLARATORY JUDGMENT CONCERNING PETITIONER'S RIGHTS IN REAL PROPERTY**

(ECF No. 1)

The early bird gets the worm . . . unless the late bird is a bona fide purchaser. Such is the case, here, in Vital Grasshopper Cove's ("VGC") Petition for Declaratory Judgment ("Pet.," ECF No. 1). Accordingly, the Court **GRANTS** the Petition.

**BACKGROUND**

In 2015, Collins Family Farms, a company owned by Jimmy Collins, purchased a piece of Property in Tennessee. Pet. ¶ 2. But Jimmy got into some trouble with the law. *Id.* ¶ 6. As a result, the United States recorded a *lis pendens* notice[1] ("LPN") on the Property in 2017. *Id.* ¶ 9. In 2021, VGC acquired the Property from Collins Family Farm,

[1] This notice is one "recorded in a real property's chain of title and is designed to enable interested third parties to discover the existence and scope of pending litigation affecting the title to or asserting a mortgage, lien, security interest, or other interest in real property." Lis Pendens, Legal Info. Inst.: Wex, https://www.law.cornell.edu/wex/lis_pendens (last visited Nov. 5, 2026).

*id.* ¶ 11, and in 2025 the Court entered a Final Order of Forfeiture as to the Property, ECF No. 13 ("Response") at 1; *see United States of America v. Jimmy Collins*, 18-CR-432 JLS, ECF No. 517. VGC, however, claims that the LPN, and thus the forfeiture, are null. *See generally* Pet. Because the LPN only named Jimmy and Ashley Collins as the record owners of the Property, not Collins Family Farm, VGC argues that it had no notice of the LPN and is thus the rightful owner of the Property. *Id.* ¶¶ 13–20.

**STANDARD OF REVIEW**

21 U.S.C. § 853 governs the forfeiture of property connected with criminal activity. Under this Section, a person convicted of a felony shall forfeit to the United States any property obtained using proceeds from that crime or any property used to commit that crime. 21 U.S.C. § 853(a)(1). After the defendant is convicted, the court *must* enter an order of forfeiture on the property. *United States v. Monsanto,* 491 U.S. 600, 607 (1989).

But third parties—like VGC—may have a claim over that same property. They can stake this claim through the remedies prescribed by 21 U.S.C. § 853(n). *See Libretti v. U.S.*, 516 U.S. 29, 44 (1995). Under this subsection, a court *must* amend the forfeiture order if the third party can establish by the preponderance of evidence that "he (1) had a vested or superior right, title, or interest in the property when the defendant committed the acts giving rise to the forfeiture, or (2) is a bona fide purchaser for value of the right, title, or interest in the property and at the time of the purchase was reasonably without cause to believe the property was subject to forfeiture."[2] *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (citing 21 U.S.C. § 853(n)(6)). Although federal law determines whether an interest can be forfeited, state law determines whether such a property interest exists. *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000). Here, both Parties

---

[2] Ordinarily, § 853(n) mandates that the petitioner be provided a hearing, affording him an opportunity to present his claims. 21 U.S.C. § 853(n)(2). However, VGC contends, and the Court agrees, that it has provided ample evidence for the Court to grant the Petition on the papers without a hearing. Reply at 10.

appear to agree that Tennessee law applies. *See* Response at 4; ECF No. 14 ("Reply") at 3–4.

**DISCUSSION**

Because Collins committed the underlying crime before VGC purchased the Property, VGC could not have had an interest in the Property before the acts giving rise to forfeiture were committed. So § 853(n)(6)'s first prong is inapplicable. To prevail, VGC must thus establish that it was a bona fide purchaser. The Court finds that VGC has met this burden.

Under Tennessee law, a bona fide purchaser "is one who buys for a valuable consideration without knowledge or notice of facts material to the title." *Henderson v. Lawrence*, 369 S.W.2d 553, 556 (Tenn. 1963). Notice can take three forms: actual, constructive, or inquiry. *Blevins v. Johnson Cnty.*, 746 S.W.2d 678, 682 (Tenn. 1988). Actual notice is "when one sees with his eyes that something is done." *Moore v. Cole*, 289 S.W.2d 695, 698 (Tenn. 1956). Constructive notice is "implied or imputed by operation of law" and occurs upon the recordation of an instrument under a statute. *Blevins*, 746 S.W.2d at 682. And under inquiry notice, "[w]hen anything appears which would put a man of ordinary prudence upon inquiry, the law presumes that such inquiry was actually made, and therefore fixes the notice upon him as to all legal consequences." *Tyndall v. Holbert*, No. W1999-02018-COA-R3-CV, 1999 WL 34793987, at *5 (Tenn. Ct. App. Dec. 15, 1999) (citations omitted).

As discussed above, the LPN named only Jimmy and Ashley Collins, leaving out Collins Family Farm. Because Tennessee follows a grantor-grantee, named-based title system, and because VGC purchased the Property from Collins Family Farm, VGC argues that it had no notice of the LPN before purchasing the Property. Reply at 6–8 (citing Tenn. Code Ann. § 10-7-201 (West)). VGC maintains that it "made all requisite inquiries into the Property's chain of title," but did not find the LPN or any other alleged encumbrance. Pet. ¶ 17. Because a title search or other inquiry would not have revealed the LPN, VGC

/ / /

was "reasonably without cause to believe the Property was subject to forfeiture." Reply at 9.

The United States has little to say in rebuttal. Its only argument is that VGC cannot be a bona fide purchaser because the final order of forfeiture vests all interests in real property to the United States. Response at 4. But this interpretation would swallow § 853(n) whole. The entire purpose of this section is to provide a remedy to third parties *after* a final order of forfeiture has been issued. If a forfeiture order could wipe out all prior interests, § 853(n) would be futile.

Because the Court finds the claims in the Petition credible, and because the United States has not meaningfully challenged those claims, VGC has met its burden in establishing that it is a bona fide purchaser under § 853(n).

## CONCLUSION

The Court thus **GRANTS** the Petition (ECF No. 1). The Court **AMENDS** its prior Final Order of Criminal Forfeiture (*see United States of America v. Jimmy Collins*, 18-CR-432 JLS, ECF No. 517) with respect to the Property located at 5904 and 5908 Grasshopper Road, Birchwood, Tennessee, Parcel No. 043-048 and 035-035, including all appurtenances, improvements, and attachments thereon. The United States is therefore **DIVESTED** of any rights, interest, or title in the Property.

**IT IS SO ORDERED.**

Dated: November 6, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge